**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2431**

———————

SHITU MOHAMMED IBRAHIM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-229-519)

———————

Submitted:  July 20, 2005          Decided:  August 24, 2005

———————

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Rev. Uduak J. Ubom, Washington, D.C., for Petitioner.  Peter D.
Keisler, Assistant Attorney General, Michelle E. Gorden, Senior
Litigation Counsel, Michele Y. F. Sarko, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shitu Mohammed Ibrahim, a native and citizen of Ethiopia, petitions for review an order of the Board of Immigration Appeals ("Board") affirming and adopting the immigration judge's decision denying asylum, withholding from removal and withholding under the Convention Against Torture.[*]  Finding no error, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Our review of the Board's "asylum eligibility determination is most narrow . . . [and] recognizes the respect we must accord the [Board's] expertise and its status as the Attorney General's designee in deportation decisions."  Lopez-Soto v. Ashcroft, 383 F.3d 228, 233 (4th Cir. 2004).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citation omitted).  We find there was

_____

[*]By not raising the issue in her brief, Ibrahim has abandoned any challenge to the denial of relief under the Convention Against Torture.

no such compelling evidence. Accordingly, we will not reverse the Board's decision.

"Because the burden of proof for withholding of removal is higher than for asylum - even though the facts that must be proved are the same - an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 231(b)(3)." Camara, 378 F.3d at 367. Because Ibrahim is not eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED